IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

| | |
|---|---|
| **MICHAEL WAYNE THOMAS, JR.** | * |
| **ADC #611338** | * |
| | * |
|     **Plaintiff** | * |
| | * |
| v. | *    Case No. 2:05CV00116 WRW/JFF |
| | * |
| **CORP. GARRETT,** *et al.* | * |
| | * |
|     **Defendants** | * |

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**I**.    **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge William R. Wilson.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## II.    DISPOSITION

Plaintiff filed this action on May 17, 2005 (docket entry #1). At the direction of the Court, he filed an Amended Complaint on January 18, 2006 (docket entry #8). The named Defendants are Arkansas Department of Correction employees Garrett, Foreman and Evans. In response to the Complaint, Defendants have filed a Motion to Dismiss or Alternative Motion for Summary Judgment (docket entry #17). On May 26, 2006, an Order issued directing Plaintiff to file a response to the pending motion on or before the end of the month (docket entry #22). Given the Order contained a typographical error, the Court issued a subsequent Order on May 31, 2006 granting Plaintiff until June 30, 2006 to file his response (docket entry #25). Plaintiff has not responded to the pending motion. Instead, he filed a "Notice of Threat" on June 12, 2006 (docket entry #27) stating that he is concerned about threats from officers, and that he is being "chain conspiracy" against.

In their motion, Defendants assert that Plaintiff (1) failed to exhaust administrative remedies before filing suit; (2) has failed to state a claim for relief; (3) the action is barred by sovereign immunity.

Plaintiff stated in the original Complaint that he is seeking "compensation for mental abuse." Defendants contend that the official capacity claims against them are barred because a person sued in their official capacity is not a "person" for purposes of 42 U.S.C. Section 1983, and that the state's sovereign immunity serves to bar claims against the state for monetary damages.  The law is well established that a civil litigant cannot obtain monetary damages on a claim brought against a state actor in their official capacity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989); *Alabama v. Pugh*, 438 U.S. 781 (1978).  Moreover, the Defendants clearly pointed out and explained in their motion the difference between individual and official capacity claims. *Nix v. Norman*, 879 F.2d 429 (8th Cir. 1989).  Plaintiff has been put on notice of the pleading defect which has not been cured.

IT IS THEREFORE RECOMMENDED that Defendant's Motion to Dismiss be GRANTED (docket entry #16), that the Alternative Motion for Summary Judgment be DENIED as moot, and that Plaintiff's action be dismissed on the basis that it is barred by the sovereign immunity afforded to the states in federal court.

DATED this 14th day of August, 2006.

_____
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT